IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jeffrey Lynn Chronister, # 189827, ) | C/A No.: 1:26-1063-JFA-SVH |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | REPORT AND |
| Warden Terri Wallace, ) | RECOMMENDATION |
| ) | |
| Respondent. ) | |
| ) | |

Jeffrey Lynn Chronister ("Petitioner"), proceeding pro se, is a state prisoner at Kirkland Correctional Institution. [ECF No. 1 at 1]. He filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2) (D.S.C.), the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends the district judge dismiss the petition without prejudice.

I.     Factual and Procedural Background

On September 22, 1992, Petitioner was convicted by a York County jury of murder and unlawful possession of a firearm during the commission of a violent crime in Case No. 1992-GS-46-1224. [ECF No. 1 at 1]; *Chronister v. Ozmint*, C/A No. 07-4017-JFA, ECF No. 9 (D.S.C. Dec. 20, 2007).[1] He was

---

[1] A district court may take judicial notice of materials in the court's own files

sentenced to life imprisonment, plus a consecutive five years. *Id.* The South Carolina Supreme Court affirmed Petitioner's conviction on September 1, 1994, in Case No. 94-MO-226. *Id.* at 2. Petitioner filed an application for post-conviction relief, Case No. 1995-CP-46-1109, that was dismissed on September 18, 1996. *Id.* at 3.

Petitioner filed a federal petition for a writ of habeas corpus on November 20, 1998, alleging statements he made while in police custody should have been suppressed based on violations of the Constitution and the Supreme Court's holding in *Miranda v. Arizona*, 384 U.S. 436 (1966), and that his trial counsel was constitutionally ineffective in failing to adequately investigate and present an insanity defense and in failing to request a change in venue given pretrial publicity. *Chronister v. Moore*, C/A No. 4:98-3372-JFA, ECF Nos. 1 and 19 at 2 (D.S.C.) ("*Chronister I*"). The court granted summary judgment to the respondent on September 23, 1999. *Id.* at ECF No. 19 (Sept. 23, 1999). The Fourth Circuit dismissed Petitioner's appeal in *Chronister v. Moore*, No. 99-7424 (4th Cir. Jan. 28, 2000). On October 2, 2000, the United States Supreme Court denied his petition for a writ of certiorari in *Chronister v. Catoe*, 531 U.S. 834 (2000). It denied another

---

from prior proceedings. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) (noting that the most frequent use of judicial notice is in noticing the content of court records); *Fletcher v. Bryan*, 175 F.2d 716, 717 (4th Cir. 1949).

petition for a writ of habeas corpus on May 14, 2001, in *In re Jeffrey L. Chronister*, 532 U.S. 1018 (2001).

Petitioner filed a second PCR application that was dismissed with prejudice on April 19, 2002. *See Chronister v. Ozmint*, C/A No. 07-4017-JFA, ECF No. 9 (D.S.C. Dec. 20, 2007). His third PCR application was dismissed with prejudice on November 28, 2006. *Id.* The South Carolina Supreme Court issued an order of dismissal on January 22, 2007. *Id.*

Petitioner filed a second federal petition for a writ of habeas corpus on December 14, 2007, in *Chronister v. Ozmint*, C/A No.: 07-4017-JFA-BM, ECF No. 1 (D.S.C. Dec. 14, 2007) ("*Chronister II*"). On January 23, 2008, the court issued an order dismissing the petition without prejudice and without issuance and service of process based on a lack of jurisdiction given Petitioner's failure to obtain authorization from the Fourth Circuit prior to filing. *Id.* at ECF No. 13 (Jan. 23, 2008). It does not appear Petitioner appealed the dismissal to the Fourth Circuit. However, he subsequently filed a petition for a writ of habeas corpus in the United States Supreme Court that was denied April 19, 2010. *See In re Chronister*, 559 U.S. 1066 (2010).

Petitioner filed a third federal habeas petition on April 15, 2024. *See Chronister v. Wallace*, C/A/ No.: 1:24-1946-JFA ("*Chronister III*"). The undersigned issued a Report and Recommendation ("Report") recommending dismissal for failure to obtain an authorization from the Fourth Circuit to file

a successive habeas petition. The Honorable Joseph F. Anderson, Jr., Senior United States District Judge, adopted the Report and dismissed the matter without prejudice.

Petitioner returns to this court in this, his fourth federal habeas petition, requesting immediate release from custody. *Id.* at 7.

II.    Discussion

A.    Standard of Review

Under established local procedure in this judicial district, a careful review has been made of this petition pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court,[2] the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes.  Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means if the court

---

[2] The Rules Governing Section 2254 are applicable to habeas actions brought under § 2241.  *See* Rule 1(b).

can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean the court can ignore a clear failure in the pleadings to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.     Analysis

Under the AEDPA, an individual may not file a second or successive petition for a writ of habeas corpus under 28 U.S.C. § 2254 without first receiving permission to do so from the appropriate court of appeals. *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). For a subsequent petition for habeas corpus to be considered second or successive, the petitioner must challenge the same conviction he challenged in the prior petition, and the prior petition must have been adjudicated on the merits. *Griffin v. Padula*, 518 F. Supp. 2d 680, 687 (D.S.C. 2007). Notably, 28 U.S.C. § 2244(b)(3)(A) requires a prospective applicant to file with the court of appeals a motion for leave to file a second or successive habeas application in the district court. 28 U.S.C. § 2244(b)(3)(A). A three-judge panel has 30 days to determine whether "the application makes a prima facie showing that the application satisfies the requirements of [28 U.S.C. § 2244(b)]." 28 U.S.C. § 2244(b)(3)(B)–(D). This court cannot consider Petitioner's second or successive § 2254 petition

unless he has obtained a Pre-Filing Authorization from the Fourth Circuit under 28 U.S.C. § 2244(b)(3). *See In re Williams*, 330 F.3d 277 (4th Cir. 2003); *In re Fowlkes*, 326 F.3d 542 (4th Cir. 2003). The United States Supreme Court has held that § 2244's requirements that a petitioner receive an authorization from the Court of Appeals applies to "second-in time-habeas filings even if the filing is not styled as a § 2254 habeas application by the filer—so long as the document is a § 2254 petition in substance." *Rivers v. Guerrero*, 605 U.S. 443, 450–51 (2025). Here, although the petition is styled as a § 2241 petition, the grounds for relief all attack the underlying convictions that have been the subject of Petitioner's prior petitions. [ECF No. 1]. Further, the relief he seeks is his immediate and unconditional release from custody.

The instant petition is successive. Petitioner challenges the same convictions he challenged in *Chronister I, Chronister II and Chronister III. Chronister I* was adjudicated on the merits. *Chronister v. Moore*, C/A No. 4:98-3372-JFA, ECF No. 19 (Sept. 23, 1999). In the absence of a showing that Petitioner obtained authorization from the Fourth Circuit to file a successive habeas petition in the district court, this court lacks jurisdiction to consider it.

III.    Conclusion and Recommendation

Accordingly, the undersigned recommends the petition be dismissed without prejudice and without requiring Respondent to file an answer or return.

IT IS SO RECOMMENDED.

March 18, 2026
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).