IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jeffrey Lynn Chronister, # 189827, | C/A No. 1:26-cv-1063-JFA-SVH |
| Petitioner, | |
| v. | **ORDER** |
| Warden Terri Wallace, | |
| Respondent. | |

## I.    INTRODUCTION

Jeffrey Lynn Chronister ("Petitioner"), proceeding pro se, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for initial review.

After performing an initial review of the petition pursuant to the Rules Governing Section 2254 Proceedings[1] for the United States District Court, the Magistrate Judge assigned to this action[2] prepared a through report and recommendation ("Report"). (ECF No. 5). Within the Report, the Magistrate Judge opines the petition is subject to dismissal for lack of jurisdiction. The Report sets forth, in detail, the relevant facts and standards of

---

[1] The Rules Governing Section 2254 are applicable to habeas actions brought under § 2241. *See* Rule 1(b).

[2] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.).  The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).

1

law on this matter, and this Court incorporates those facts and standards without a recitation.

Petitioner filed objections to the Report. (ECF No. 10). Thus, this matter is ripe for review.

## II.    STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005). Then, the court may accept, reject, or modify the Report or recommit the matter to the magistrate judge. 28 U.S.C. § 636(b).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report

thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

### III.    DISCUSSION

As stated above, the relevant facts and standards of law on this matter are incorporated from the Report and therefore no further recitation is necessary here. (ECF No. 5). In short, Petitioner filed this action to request immediate release from incarceration for his state court conviction. The Report construed this petition as one brought under 28 U.S.C. § 2254. Accordingly, the Magistrate Judge determined that this petition was successive and therefore subject to dismissal because Petitioner failed to acquire permission to file a successive petition.

Petitioner's response appears to assert one specific objection. (ECF No. 10). Petitioner avers that the bar on successive petitions is not applicable here because his

3

petition was brought pursuant to 28 U.S.C. § 2241—not 28 U.S.C. § 2254 as determined in the Report. It is true that Petitioner labeled his filing as a § 2241 petition. However, as correctly stated in the Report, the substance of the petition controls the court's analysis regardless of the label attached. *Rivers v. Guerrero*, 605 U.S. 443, 450–51 (2025)("These rules apply to second-in-time habeas filings even if the filing is not styled as a § 2254 habeas application by the filer—so long as the document is a § 2254 petition in substance."). Because Petitioner is attacking his underlying conviction and seeking immediate release, his petition is properly construed as a §2254 petition. Accordingly, Petitioner's objection is overruled.

### IV.     CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the Court finds no clear error in the Report. After a *de novo* review of each part of the Report to which Plaintiff specifically objected, the Court hereby adopts the Report and Recommendation. (ECF No. 5). For the reasons discussed above and in the Report, the petition is dismissed without prejudice and without requiring Respondent to file an answer or return.

It is further ordered that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[3]

---

[3] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v.*

IT IS SO ORDERED.

April 10, 2026                          Joseph F. Anderson, Jr.
Columbia, South Carolina               United States District Judge

---

*Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right."